**STATE OF NORTH CAROLINA, on Relation of James E. LONG, Commissioner of Insurance, as Rehabilitator of the Beacon Insurance Company and as Representative of the Creditors and Claimants of the Beacon Insurance Company, Plaintiff,**

v.

**ALEXANDER & ALEXANDER SERVICES, INC.; Alexander & Alexander of New York, Inc.; Alexander & Alexander, Inc.; Alexander Howden Holding, plc; Alexander Howden Group, Ltd. (formerly Alexander Howden Insurance Brokers, Ltd.); Alexander Howden, Ltd.; Alexander Howden Services, Inc. (formerly Wohlreich & Anderson, Ltd.); Rydata Limited; Alexander Underwriting Agencies, Ltd.; Hamilton Underwriting Agency, Ltd. (formerly SDU, Ltd.); American Special Risk Insurance Company (formerly Cranford Insurance Company, Ltd.); Atlanta International Insurance Company (formerly Drake Insurance Company); Colin G. Bird; Barry Francis Graham Toomey; Peter J. Charman & Company, Ltd. (formerly Charman Mauduit [Insurance Brokers], Ltd.); Neill W. Portermain; the Puckett Group, Inc.; and Puckett–Scheetz Insurance Agency, Inc. (formerly Puckett, Scheetz & Hagler, Inc.), Defendants.**

No. 86–1247–CIV–5.

United States District Court,
E.D. North Carolina,
Raleigh Division.

May 18, 1988.

V. Lane Wharton, Jr., Hunter, Wharton & Howell, William L. Thorp, Thorp, Fuller & Slifkin, Raleigh, N.C., James L. Rohm, Baskin, Flaherty, Elliott & Mannino, Philadelphia, Pa., for plaintiff.

C. Thomas Ross, Craige, Brawley, Liipfert & Ross, Jim D. Cooley, Womble, Carlyle, Sandridge & Rice, Winston–Salem, N.C., James E. Walker, Kennedy, Covington, Lobdell & Hickman, Douglas M. Martin, Palmer, Miller, Campbell & Martin, Charlotte, N.C., for defendants.

ORDER

TERRENCE WILLIAM BOYLE, District Judge.

■ Defendants, Alexander Parties, petition this court for a ruling that the order of the court dated February 29, 1988, be certified for immediate appeal pursuant to 28 U.S.C. § 1292(b).

Title 28 § 1292(b) states that:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Preliminarily the court notes that certification under § 1292(b) should only be ordered in exceptional cases. The federal courts have a strong policy discouraging piecemeal litigation.

In the present case defendants object to the portion of the court's order of February 29 that allows the exercise of jurisdiction over foreign defendants Colin Bird and Alexander Howden Group Ltd. In order to assess the propriety of certification under § 1292(b), the court will address the two levels of inquiry under the statute in conjunction with defendants' contentions.

The first substantive clause of § 1292(b) requires that there be a "controlling question of law as to which there is substantial difference of opinion." This standard forecloses interlocutory appeals in situations in which the law is well settled and the dispute arises in the application of the facts at hand to that law. Decisions that are "fact specific" may not be appealed under § 1292(b). *Muller v. Temura Shipping,* 629 F.Supp. 1024, 1028 (E.D.Pa.1986). With this standard in mind, the court will now address defendants' specific contentions.

■ Defendants argue that, in the absence of authorization for jurisdiction over them under the service and process provisions of RICO, the court improperly al-

**116**

lowed jurisdiction to be invoked pursuant to North Carolina long-arm statute. N.C. G.S. § 1–75.4. The language of Fed.R. Civ.P. 4(e) explicitly permits the procedure, however, and the Supreme Court has dispelled any doubts in this regard. *Omni Capital International v. Rudolf Wolff & Co.*, —— U.S. ——, 108 S.Ct. 404, 410, 98 L.Ed.2d 415 (1987). There is no difference of opinion in this matter and accordingly no grounds for appeal under § 1292(b).

The court's use of the due process test under the Fifth Amendment rather than the Fourteenth Amendment is also supported in the law when the court's subject matter jurisdiction is based upon a federal question. *Handley v. Indiana & Michigan Electric*, 732 F.2d 1265, 1271 (6th Cir. 1984); *DeJames v. Magnificence Carriers*, 654 F.2d 280, 283 (3d Cir.1981). This court noted an inconsistency between *Handley* and *DeJames*. The *Handley* court concluded that applying the Fifth Amendment allows the court to base jurisdiction on national contacts. The *DeJames* court held that there must be minimum contacts with the state in which the court sits. This court notes that there has not yet been a resolution of this conflict. *See Asahi Metal v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987). This court held that personal jurisdiction based on defendants' contacts with North Carolina was appropriate considering a Fifth Amendment standard that assesses "whether or not it would be unduly burdensome to subject defendants to suit in this forum." This is an inquiry that is directed by the traditional notions of fair play and substantial justice test of *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This court finds that it is unnecessary to intimate an opinion on the as yet unresolved question of whether national contacts may sustain personal jurisdiction over a foreign defendant. Accordingly, there is no substantial ground for difference of opinion on this ruling of law to support an appeal pursuant to § 1292(b).

Defendants also contend that they do not have the necessary "minimum contacts" with the state of North Carolina to support personal jurisdiction. In this regard defendants contend that the court did not consider *Asahi* and improperly considered *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed. 2d 404 (1984). Neither case compels a different outcome. The Court in *Asahi* held that jurisdiction was improper because the two remaining parties to the action had minimal contacts with California and California had no interest in adjudicating a controversy between two foreigns. In this case minimum contacts do exist and state of North Carolina has an interest in the litigation. The Court's decision in *Helicopteros* is similarly not outcome determinative. In that case the Court expressly analyzed a foreigner's contacts with Texas with the caveat that these contacts had no relation to the cause of action. In the present case, defendants' visits, telephone calls and correspondence with North Carolina have a direct relationship with the cause of action. There is no difference in opinion on the state of the law in this area as even a single tortious act within the forum may provide the basis for jurisdiction. *McGee v. International Life Insurance*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *First American First v. National Association of Bank Women*, 802 F.2d 1511, 1516 (4th Cir.1986). Defendants' contentions on this issue are a dispute with the application of facts to existing and well-settled law. This can provide no ground for a § 1292(b) appeal.

Finally, defendant Colin Bird cites the court's failure to address the fiduciary shield doctrine as a ground for appeal. The fiduciary shield doctrine does not protect a person when that person has a direct personal involvement in the activities that give rise to the cause of action. *Columbia Briargate Co. v. First National Bank*, 713 F.2d 1052 (4th Cir.1983). The evidence indicates that Bird was personally involved in the alleged tortious activities that give rise to this cause of action. Additionally, as discussed above, Bird has sufficient minimum contacts with the forum state to support personal jurisdiction over him.

Because the court finds that there are no controlling questions of law as to which there is substantial difference of opinion, there is no need to address an inquiry as to whether an appeal would "materially advance the ultimate termination of the litigation." The court does note in passing, however, that jurisdiction is proper over all remaining defendants. An order certifying appeal for these two defendants would have no effect on the remaining parties and claims. The inconvenience faced by the foreign defendants is minimal compared to the potential inconvenience faced by all remaining parties if certification was granted. *See Muller*, 629 F.Supp. at 1028.

On the basis of the foregoing, Alexander Parties' motion for certification pursuant to 28 U.S.C. § 1292(b) is hereby DENIED.