## UNIVERSAL SECURITY INSTRUMENTS, INC.

v.

## WING WAH CHONG INVESTMENT COMPANY, LTD. d/b/a HIQA Limited.

Civ. A. No. N–89–1202.

United States District Court,
D. Maryland.

Feb. 5, 1990.

Maurice U. Cahn, Washington, D.C., for plaintiff.

Richard Bloch, Shiling, Bloch and Baker, Baltimore, Md., for defendant.

## MEMORANDUM

NORTHROP, Senior District Judge.

Universal Security Instruments, Inc. ("Universal") filed this breach of contract action against Wing Wah Chong Investment Company, Ltd. d/b/a HIQA Limited ("Wing Wah"). Wing Wah moves to dismiss the complaint, pursuant to Fed.R. Civ.P. 12(b)(2) & (3), for lack of personal jurisdiction and improper venue. (Paper Number 6). An opposition has been filed. Upon careful consideration of the pleadings, the Court finds that no hearing is necessary. Local Rule 105, subd. 6. Defendant's motion shall be denied for the reasons set forth below.

Defendant's argument concerning the lack of venue is without merit. Wing Wah, a foreign corporation with offices in Hong Kong, can be subject to a civil action in any district in this country. This fact is self evident in 28 U.S.C. § 1391(d) which provides, "an alien may be sued in any district." Therefore, if a proper basis of personal jurisdiction over Wing Wah exists, venue in this district is proper.

Universal has served Wing Wah pursuant to the Maryland Long Arm Statute. Md.Cts. & Jud.Proc.Code Ann. § 6–103 (1989). The application of the "long arm" statute involves two steps. First, it is necessary to decide whether the statute permits service of process on the nonresident defendant and second, whether service under the statute violates the due process clause of the Constitution of the United States. *Hare v. Family Publications Service Inc.*, 334 F.Supp. 953 (D.Md.1971); *Topik v. Catalyst Research Corp.*, 339 F.Supp. 1102 (D.Md.1972) *aff'd* 473 F.2d 907 (4th Cir.1973), *cert. denied* 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed.2d 148 (1973). Wing Wah admits that personal jurisdiction under the state statute has been established. Opposition at 3. *See* Md.Cts. & Jud.Proc. § 6–103(b)(2) (1989). The defendant, however, argues that the exercise of personal jurisdiction by the Court in this case would violate due process.[1]

The defendant, however, waived its right to object on personal jurisdiction grounds. In entering the contracts at issue in this case, Wing Wah specifically agreed to be sued in Maryland. Paragraph 12 of the each purchase order states:

12. CONSTRUCTION. This contract shall be construed, interpreted, and the right of the parties determined in accordance with the laws of the State of Maryland. *In any disputes arising with respect to this contract, Seller agrees to subject itself to the jurisdiction of the courts of the State of Maryland, U.S.A.*

Complaint, Exhibit 2 (emphasis supplied). By agreeing to subject itself to the jurisdiction of the State of Maryland, Wing Wah purposefully availed itself of the privilege of conducting business within Maryland and thus waived any constitutional objection it might have had. Additionally, since 1983 defendant repeatedly entered into sales contracts with the plaintiff, each of which contained the provisions of paragraph 12.

Defendant's motion to dismiss is denied. A separate order shall be entered.

---

1. To satisfy due process limitations, the defendant must have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) *citing Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). It has also been deemed "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denck-la,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The Supreme Court has explained that the "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random', 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Furthermore, entering a product into the stream of commerce within a forum state cannot be an isolated occurrence. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 290, 295, 100 S.Ct. 559, 563, 566, 62 L.Ed.2d 490 (1980).