**BRINK'S MAT LIMITED,**
**Plaintiff–Appellant,**

v.

**Patrick DIAMOND, John Fleming, Marblemay Limited, Comprehensive Company Management Limited, Bolero Limited, Defendants–Appellees.**

**No. 89–3578.**

United States Court of Appeals,
Eleventh Circuit.

July 30, 1990.

Arden J. Lea, David J. Plavnicky, William A. Marshall, New Orleans, La., Rogers, Towers, Bailey, Jones & Gay, Jacksonville, Fla., for plaintiff-appellant.

Before KRAVITCH, Circuit Judge, RONEY * and ALDISERT **, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

Plaintiff Brink's Mat Limited appeals an order dismissing for failure to perfect service of process its claims against two foreign defendants under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961 et seq. On an issue of first impression in this Circuit, we hold that a plaintiff in a RICO case is not limited to domestic service of process by that statute, but may use means authorized by state law for serving process on foreign defendants abroad. If authorized by state law, plaintiff may use the alternative means of foreign service of process in Federal Rule of Civil Procedure 4(i). Because the plaintiff has been denied this opportunity, we reverse the order of dismissal and remand for further proceedings.

The plaintiff alleges that defendants Patrick Diamond and John Fleming conspired

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

with others to launder through banks and businesses in the United States, including some in the Middle District of Florida, the proceeds of a multi-million dollar armed robbery of one of Brink's Mat Limited's facilities in England. Brink's Mat Limited, an English corporation, sued Diamond and Fleming in that district for violations of RICO.

Diamond and Fleming are citizens of the United Kingdom. Brink's Mat Limited personally served Diamond in the Isle of Man, and Diamond filed an answer in district court. The plaintiff was unable to locate and serve Fleming, however, and asked the district court to designate substitute service of process on Fleming under Federal Rule of Civil Procedure 4(i). In response to this motion, the district court dismissed plaintiff's claims against Fleming, and later those against Diamond for lack of personal jurisdiction as a result of ineffective service of process. Those orders are the subject of this appeal.

The RICO statute contains a service of process provision, 18 U.S.C.A. § 1965(b), which authorizes service of process by a United States Marshal in other judicial districts within the United States when the ends of justice require that other parties residing in those districts should be brought before the court.[1] The district court held that this provision prevented the service of process on defendants in foreign countries, regardless of any authority for extraterritorial service that might be found in Florida law.

■■■ A federal court's jurisdiction over a defendant depends on the existence of a constitutionally sufficient relationship be-

tween the defendant and the forum, and the defendant's amenability to service of process in that court. The starting point for an analysis of amenability to service of process in federal court is Federal Rule of Civil Procedure 4. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104–05, 108 S.Ct. 404, 409–10, 98 L.Ed.2d 415 (1987). Rule 4(f) states that a defendant is subject to service of process within the state where the case has been brought, or anywhere else authorized by federal statute or by the Federal Rules of Civil Procedure. Under Rule 4(e), when the law of the state in which the district court sits provides for service on a party not an inhabitant of the state, that state law provision may be used to bring a foreign party within the jurisdiction of the Federal court.[2] Florida law permits service of process on foreign defendants under certain circumstances. *E.g.*, Fla.Stat. 48.193 (Supp.1990).

■ Thus, had the RICO statute contained no provision addressing service of process, Brink's Mat Limited could have looked to Florida law for authority for service of process on the British defendants abroad. A state statute or rule can provide such authority under Rule 4, even when the federal court's jurisdiction arises solely through the existence of a federal question, rather than through diversity jurisdiction. *See United States v. First Nat'l City Bank*, 379 U.S. 378, 381, 85 S.Ct. 528, 530, 13 L.Ed.2d 365 (1965); 4A C. Wright & A. Miller, Federal Practice and Procedure § 1075 at 495, § 1115 at 244–45 (1987).

---

1. This provision reads:
   In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.
   18 U.S.C.A. § 1965(b).

2. Rule 4(e) reads:
   Whenever a statute of the United States or an order of court thereunder provides for service

   of [process] upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute ..., or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides [for service of process] upon a party not an inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

■ Therefore, the issue is framed in the following terms: if an applicable federal statute authorizes service of process on some defendants (those in other districts within the United States), but says nothing about service of process on other defendants (those outside the United States), can a plaintiff resort to state law authorization for service of process on the latter type of defendants? We hold a plaintiff may do so.

■ The decision that the federal provision does not impliedly restrict other methods for service of process is based on the disjunctive structure of Rule 4(e). In its first sentence, this section authorizes service to be made under the terms of any applicable federal statute. "The second sentence, *as an additional method,* authorizes service of summons 'under the circumstances' prescribed in a state statute or rule. Thus, under Rule 4(e), a federal court normally looks *either* to a federal statute *or* to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction." *Omni Capital Int'l,* 484 U.S. at 105, 108 S.Ct. at 410 (emphasis added). Rule 4(e) permits a plaintiff to rely on either federal statutory authority or state law authority as to the amenability of a defendant to service of process, even if the state law authority extends beyond the express scope of the federal statutory authority.[3]

In reaching a different conclusion, the district court relied on dicta from our opinion in *Delong Equipment Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 847 (11th Cir.1988). In *Delong,* the Court stated that under Rule 4(e), "if a federal statute containing a service of process provision is applicable to the case, service on an out-of-state defendant is made according to

its terms. In the absence of such a statute, service of process is made 'under the circumstances and in the manner prescribed ...' by the law of the state in which the district court sits." *Id.* The district court read this language to mean that if an applicable federal statute contains a provision that *explicitly authorizes* service of process on certain types of defendants, then that federal statute *implicitly forbids* service of process on other types of defendants, even if state law authorizes service of process on those other types of defendants.

A careful reading of *Delong* demonstrates that the Court did not express this opinion. The plaintiff sued both corporate and individual defendants under federal antitrust law. The Clayton Act contains a provision that authorizes service of process on a corporate defendant in any judicial district in which the defendant may be found, 15 U.S.C.A. § 22, but the statute contains no provision authorizing service on individual defendants. The Court of Appeals held that the corporate defendant was properly served under the federal authority, and then analyzed whether the individual defendants were validly served under state law authorization. *See id.* at 848–53. Under the district court's interpretation of *Delong,* however, the Court would not have engaged in this second analysis, because the federal statute would implicitly deny access to the state law authority for service of process over individual defendants.

*Delong* is consistent with the approach to Rule 4(e) used in reaching the decision in this case. When an applicable federal statute authorizes service of process over certain defendants but is silent as to other defendants, a plaintiff may rely on state law authorization for service of process on those other defendants. As the Supreme Court's language quoted above from *Omni*

---

**3.** The majority of courts addressing this issue have effectively interpreted Rule 4(e) in this way. *See Combs v. Bakker,* 886 F.2d 673, 675 (4th Cir.1989); *Avianca, Inc. v. Corriea,* 705 F.Supp. 666, 684–85 (D.D.C.1989); *In re All Terrain Vehicles Litigation,* CIV. A. No. 88–237 (E.D.Pa. Apr. 4, 1989) (1989 WL 32754); *State of North Carolina ex rel. Long v. Alexander & Alex-* *ander Services, Inc.,* 680 F.Supp. 746, 749–50 (E.D.N.C.), *denying certification of issue for appeal,* 685 F.Supp. 114 (E.D.N.C.1988); *Nordic Bank PLC v. Trend Group, Ltd.,* 619 F.Supp. 542, 564 (S.D.N.Y.1985); *Soltex Polymer Corp. v. Fortex Indus., Inc.,* 590 F.Supp. 1453, 1459–60 (E.D. N.Y.1984), *aff'd on other grounds,* 832 F.2d 1325 (2d Cir.1987).

*Capital* demonstrates, Rule 4(e) provides that either federal or state authority for amenability to service of process satisfies personal jurisdiction requirements.

This is not a case in which service of process provisions of the state law actually conflict with the applicable federal statute, nor one in which a federal statute affirmatively proscribes service of process under some circumstances. The RICO service of process provision is permissive, not restrictive. There are no restrictions, explicit or implicit, in the language of 18 U.S.C.A. § 1965(b). In light of Congress's evident intent to broaden the scope of amenability to service of process through this provision, we decline to interpret it as restricting state law authority for such amenability. *See State ex rel. Long v. Alexander & Alexander Servs., Inc.*, 680 F.Supp. 746, 749–50 (E.D.N.C.1988) (citing *Butcher's Union Local 498 v. SDC Investment, Inc.*, 788 F.2d 535 (9th Cir.1986)).

This appeal presents only the issue of defendants Fleming and Diamond's amenability to service of process abroad. Whether these defendants have a constitutionally significant relationship with the Middle District of Florida permitting that court to exercise personal jurisdiction over them is not before us. We hold only that the district court may look to Florida law for authority to effect service of process over these defendants abroad. If Florida law provides this authority, Brinks–Mat Limited may serve the defendants in the manner stated in the state law or in the alternative methods set out in Fed.R.Civ.P. 4(i).

REVERSED and REMANDED.

ALDISERT, Senior Circuit Judge, dissenting:

I do not agree that Rule 4(e), F.R.Civ.P. operates to save personal jurisdiction here. The Racketeer Influenced and Corrupt Organizations Act (RICO) prohibits extraterritorial service of process. 18 U.S.C. § 1965(b). Were I to frame the issue it would be in the following terms: if an applicable 1970 federal statute precludes service of process on defendants residing outside the United States, may a plaintiff resort to the earlier enacted Rule 4(e), F.R. Civ.P., adopted September 16, 1938, amended 1963, for service of process? The answer, I think, is clearly no.

Section 1965(b) authorizes nationwide service of process in civil RICO actions. 18 U.S.C. § 1965(b); *see* H.Rep. No. 91–1549, 1970 U.S.Code Cong. & Admin.News 4007, 4034 ("[section 1965(b)] provides nationwide service of process on parties, if the ends of justice require it, in actions under section 1964"). It provides:

In any action under § 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served *in any judicial district of the United States* by the Marshal thereof.

18 U.S.C. § 1965(b) (emphasis added). Under any interpretation of the express language of section 1965(b), there is no authority for extraterritorial service of process. Indeed, courts faced with this issue have already held that section 1965(b) does not provide it. *Soltex Polymer Corp. v. Fortex Indus., Inc.*, 590 F.Supp. 1453, 1460 (E.D.N.Y.1984) (dismissing counterclaims against Belgian individual and corporate defendants because there was no method of service under federal statute; "[a]lthough RICO authorizes nationwide service of process ... it does not, by its very language, authorize service in a foreign country"), *aff'd*, 832 F.2d 1325 (2d Cir.1987); *see also North Carolina Ex rel. Long v. Alexander & Alexander*, 680 F.Supp. 746, 749 (E.D.N.Y.1988) (court could not exercise personal jurisdiction pursuant to § 1965(b) because "the federal RICO statute does not provide for service on foreign defendants"); *Nordic Bank PLC v. Trend Group, Ltd.*, 619 F.Supp. 542, 564 (S.D.N.Y.1985) (court could not exercise personal jurisdiction over foreign parties because the language of section 1965(b) does not authorize service in a foreign country; "[s]ince effective service is a prerequisite to the exercise of jurisdiction,

any foreign party against whom a RICO claim is asserted must be served with process in this country"). I would go even further than the cited cases. I believe Congress intentionally precluded extraterritorial service of process in civil RICO actions. 18 U.S.C. § 1965(b). Rule 4(e), F.R.Civ.P. does not save personal jurisdiction in light of this prohibition.

The majority accept Brink's contention that because section 1965(b) does not explicitly limit service of process to the United States, Rule 4(e), F.R.Civ.P. provides that either state or federal service provisions may be used to acquire personal jurisdiction. I will not accept this fanciful conception of statutory construction. Rule 4(e), F.R.Civ.P. enacted in 1938 and amended in 1963, had been in existence for 30 years when RICO was enacted. 18 U.S.C. § 1965(b) (enacted Oct. 15, 1970); Rule 4, F.R.Civ.P. (transmitted to the Attorney General on January 3, 1938 and effective Sept. 16, 1938). Congress could easily have referenced Rule 4 or made explicit provisions for extraterritorial service or simply referred to state service of process procedures had it intended that extraterritorial service be available for civil RICO. Congress did not. This was not an oversight. There is no merit to Brink's creative "Oops — I'm — sorry — but — Congress — forgot" method of statutory construction.

Section 1965(b) expressly limits the enforceability of civil RICO to the borders of these United States. The statute, which sprang from a desire to rid this country of the havoc wreaked by organized crime, was a criminal enforcement mechanism at its inception. Aware of the power of the purse, Congress also provided a civil remedy of treble damages. The treble damages provision was intended to be punitive. Congress wanted to deter individuals from participating in organized crime and its related activities.

But this power to deter conduct does not extend to the ends of the earth. "Crime is not punished as an offense against God, but as prejudicial to society." Froude, *Reciprocal Duties of State and Subjects*, in *Short Studies on Great Subjects* (1872).

Indeed, the British government has refused to enforce treble damage awards made by American courts by enacting the Protection of Trading Interests Act, 1980:

> 5.—(1) A judgment to which this section applies shall not be registered ... and no court in the United Kingdom shall entertain proceedings at common law for the recovery of any sum payable under such a judgment.
>
> (2) This section applies to any judgment given by a court of an overseas country, being—
>
>> (a) a judgment for multiple damages within the meaning of subsection (3) below ...
>
> (3) In subsection (2)(a) above a judgment for multiple damages means a judgment for an amount arrived at by doubling, trebling or otherwise multiplying a sum assessed as compensation for the loss or damage sustained by the person in whose favour the judgment is given.

*See also* [Jan.–June] Antitrust & Trade Reg.Rep. (BNA) No. 963 (May 8, 1980) (forty-one British Commonwealth Nations adopted a resolution against American multiple damage enforcement).

It was not Congressional intent, nor would it be proper were that the case, to deter the conduct of parties unconnected to the United States, or to provide windfall civil judgments to citizens of any country who sue citizens of another country for fraudulent transactions which only casually touch upon the United States. Congress only intended to deter the conduct of individuals within the borders of this country.

I read section 1965(b) to mean exactly what it says. "[If] the ends of justice require ... other parties [may] be served in any judicial district of the United States by the Marshal thereof." Because the appellant was not served within a judicial district of the United States, the district court failed to acquire personal jurisdiction over him.

My view does not deprive Brinks of a remedy. It is a British company. It was a victim of British crime. The British defendants are located in Great Britain. British procedures provide for service of process.

British laws provide relief. British Courts are open to grant that relief.

Accordingly, I would affirm the judgment of the district court.