In re R.M.R. CORPORATION, Debtor.

R.M.R. CORPORATION, Plaintiff,

v.

CLARE BROTHERS, LTD., Defendant.

Bankruptcy No. 89–5–0302–SD.
Adv. No. A90–0295–SD.

United States Bankruptcy Court,
D. Maryland.

July 16, 1991.

Howard A. Rubenstein, Adelberg, Rudow, Dorf, Hendler & Sameth, Baltimore, Md., for debtor/plaintiff.

James C. Olson, Frank, Bernstein, Conaway & Goldman, Irving E. Walker, Miles & Stockbridge, Baltimore, Md., for defendant.

## MEMORANDUM OF DECISION GRANTING DEFENDANT CLARE BROTHERS MOTION TO DISMISS

E. STEPHEN DERBY, Bankruptcy Judge.

Before the court is Defendant, Clare Brothers, motion to dismiss Plaintiff R.M.R. Corporation's Amended Complaint to Recover Account Receivable. Defendant asserts first, that the Bankruptcy Court lacks personal jurisdiction over the Defendant and second, that venue in the District of Maryland is improper.

The underlying facts of this case are not in dispute. Plaintiff is a Maryland corporation which manufactured motors. Defendant is a general partnership organized and existing under the laws of the Province of Ontario, Canada. The Defendant has its sole place of business in Ontario, Canada. The Plaintiff filed the instant Chapter 11 petition on January 31, 1989. During the months of June and July, 1989, the Plaintiff delivered air conditioner motors to the Defendant. On November 6, 1990 Plaintiff filed an Amended Complaint to Recover

Account Receivable asserting that despite demand, the Defendant has refused to pay the $45,928.56 amount due for the motors.

On December 7, 1990 Defendant filed a motion to dismiss the complaint for lack of personal jurisdiction and improper venue. Defendant argues that the bankruptcy court's exercise of personal jurisdiction over a foreigner is controlled by Bankruptcy Rule 7004(e) which, on these facts, dictate that in the absence of a federal statute governing personal jurisdiction, the bankruptcy court is required to follow state law. Defendant claims that the applicable state law is the Maryland Long–Arm Statute which requires a Defendant to have sufficient minimum contacts with the forum state of Maryland before being subject to a Maryland court's personal jurisdiction. Defendant argues that its contacts with Maryland has consisted of (1) purchases of motors from Plaintiff, (2) intermittent purchases of goods from unrelated Maryland sellers, and (3) de minimis sales to a single Maryland buyer. Defendant claims that these contacts are insufficient under both the Maryland statute and due process requirements to subject it to the bankruptcy court's personal jurisdiction.

Defendant's second argument is that venue in Maryland is improper because the court lacks personal jurisdiction over the Defendant.

Plaintiff opposes the Defendant's motion to dismiss and asserts first that the bankruptcy court has personal jurisdiction over the foreign Defendant. Plaintiff argues that the Defendant errs in focusing on minimum contacts with a forum state. Instead, Plaintiff claims that the Maryland Long–Arm Statute was intended to extend to the furthest limits allowed by the Due Process Clause of the United States Constitution. Plaintiff argues that with this broad reading of the state's statute and when coupled with federal question subject matter jurisdiction—as the Plaintiff claims exists here pursuant to 28 U.S.C. § 1334— then the due process limits require only that the out of state Defendant have minimum contacts with the *United States*—not specifically the State of Maryland. Plaintiff claims that Defendant has sufficient contacts with the United States by virtue of buying and selling goods in Maryland. Lastly, Plaintiff argues that venue is proper in the District of Maryland pursuant to 28 U.S.C. §§ 1409(d) and 1391(d).

## CONCLUSIONS OF LAW

The United States Supreme Court provided in *Omni Capital International v. Rudolf Wolff & Co.* that:

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (*Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–445, [66 S.Ct. 242, 246, 90 L.Ed. 185] (1946).) Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). Service of process in a foreign county is governed by Bankruptcy Rule 7004(e) which provides:

(e) *Service on Debtor and Others in Foreign Country.* The summons and complaint and all other process except a subpoena may be served as provided in Rule 4(d)(1) and (d)(3) F.R.Civ.P. in a foreign country (A) on the debtor, any person required to perform the duties of a debtor, any general partner of a partnership debtor, or any attorney who is a party to a transaction subject to examination under Rule 2017; or (B) on any party to an adversary proceeding to determine or protect rights in property in the custody of the court; or (C) on any person whenever such service is autho-

rized by a federal or state law referred to in Rule 4(c)(2)(C)(i) or (e) F.R.Civ.P. B.R. 7004(e). Because Plaintiff relies solely on subsection (C) to establish personal jurisdiction, this court will accordingly restrict its analysis thereto. Subsection (C) of Rule 7004(e) allows service in a foreign country when authorized by federal or state law under Federal Rule of Civil Procedure 4(c)(2)(C)(i) or (e). Rule 4 provides, in part:

(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State ...

(e) Summons: Service Upon Party Not Inhabitant of or Found Within State. Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to such a party to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of the party's property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

Fed.R.Civ.P. 4. In *Omni,* the United States Supreme Court noted that the first sentence of Rule 4(e)

... speaks to the ability to serve summons on an out-of-state defendant when a federal statute authorizes such service. The second sentence, as an additional method, authorizes service of summons "under the circumstances" prescribed in a state statute or rule. Thus, under Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the state in which it sits to determine whether a defendant is amenable to service.

*Omni,* 484 U.S. at 105, 108 S.Ct. at 410.

This court finds that there is no federal statute which specifically authorizes service on the foreign Defendant in this adversary complaint. Consequently, it is only through applicable state law by which this court may obtain personal jurisdiction over Defendant. *See Omni,* 484 U.S. at 108, 108 S.Ct. at 411 (after concluding that the Commodities Exchange Act did not authorize service of summons over out-of-state defendants, via nationwide service of process, next point of inquiry is focused on the state long-arm statute in which the District Court sits); *Faircloth v. Jackie Fine Arts, Inc.,* 682 F.Supp. 837, 841–842 (D.S.C.1988); *State of North Carolina v. Alexander & Alexander Services, Inc.,* 685 F.Supp. 114, 115–116 (E.D.N.C.1988) (in light of explicit language in Rule 4(e), court rejected defendant's argument that in the absence of authorization for jurisdiction under RICO's service and process provisions, the lower court improperly allowed jurisdiction pursuant to the North Carolina long-arm statute); *In re All American Ashburn,* 78 B.R. 355, 357 (Bankr.N.D.Ga.1987) (finding no federal statute authorizing foreign service of a preference complaint, jurisdiction over foreign corporation could be asserted only if service was permitted by state long-arm statute).

 In the instant case, the applicable state law is the Maryland–Long–Arm Statute. Md.Cts. & Jud.Proc.Code Ann. § 6–103 (1989 & Supp.1990). Section 6–103 provides:

*6–103. Cause of action arising from conduct in State or tortious injury outside State.*

(a) Condition.—If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.

(b) In general.—A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

(5) Has an interest in, uses, or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

*Id.* Application of the long-arm statute over an out-of-state defendant generally involves two steps. First, a court must determine whether the statute permits service of process on the out-of-state defendant. *Wilson v. Wilson–Cook Medical, Inc.*, 720 F.Supp. 533, 537 (M.D.N.C.1989). Second, it is necessary to determine whether the service under the state statute violates the due process clause of the United States Constitution. *Id.*

■ The operative long-arm subsection is (b)(1) because the breach of contract cause of action arose out of a business transaction with the Maryland Plaintiff. This court generally agrees with Plaintiff's assertion that the Maryland legislature's intent in enacting the state long-arm statute was to expand the Maryland court's authority to exercise personal jurisdiction to the full extent permitted by due process. *Snyder v. Hampton Industries, Inc.*, 521 F.Supp. 130, 136 (D.Md.1981); *But see Craig v. General Finance Corp. of Illinois*, 504 F.Supp. 1033, 1036 (D.Md.1981) (indicating that state legislature intended the long-arm subsections (b)(3) and (b)(4) to have narrower limits than allowed by due process). As a result, the due process and long-arm standards merge so that the court need only engage in a single inquiry. *Snyder*, 521 F.Supp. at 136. Under this inquiry a defendant must have minimum contacts with the forum state. *Id.; see International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). These contacts protect the out-of-state defendant from distant and inconvenient litigation which would offend traditional notions of fair play and substantial justice. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158. There are sufficient minimum contacts when

(1) a nonresident defendant performs some act by which it avails itself of the benefits and protections of the forum's laws; (2) the claim arises out of or results from the defendant's forum-related activities, *and* (3) the exercise of jurisdiction is reasonable.

*Copiers Typewriters Calculators v. Toshiba Corp.*, 576 F.Supp. 312, 319 (D.Md.1983) (quoting *Hedrick v. Daiko Shoji Co.*, 715 F.2d 1355, 1358 (9th Cir.1983)). (emphasis added). There is no apparent dispute concerning element (2) because the alleged breach of contract claim arises out of the Defendant's business transaction with the Maryland Plaintiff. Therefore the court will focus its inquiry on elements (1) and (3).

■ The foreign Defendant did not purposely avail himself of the benefits and protections of the laws of the State of Maryland. Defendant provided that Canadian law would govern the contract. The purchase orders, which Mr. Brookes' affi-

davit states the Defendant mailed to Plaintiff and which establish the contract terms, expressly provided:

> This contract shall be governed both as to construction and *performance* by the laws of the Province of Ontario. [emphasis added].

Affidavit of T. Brookes at 2. The United States Supreme Court, in *Burger King Corp. v. Rudzewicz*, held that in determining due process concerns, the Court of Appeals for the Eleventh Circuit gave insufficient weight to express contractual provisions requiring application of Florida law to disputes between the parties. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 481, 105 S.Ct. 2174, 2186, 85 L.Ed.2d 528 (1985). The *Burger King* Court provided that a choice of law provision should not be ignored. *Id.* at 482, 105 S.Ct. at 2187. In its reasoning, the Supreme Court recognized that while a choice of law provision is not in and of itself sufficient to confer jurisdiction, it creates a "reasonable foreseeability of possible litigation" in the forum of the chosen law. *Id.* This likelihood appears to the court particularly strong where the chosen law is that of a foreign country.

In the present case, the express provision requiring application of Canadian law to contract disputes reinforces the Defendant's expectation that it would not be subject to the jurisdiction of Maryland; Defendant could not reasonably be portrayed as purposely availing himself of the benefits and laws of State of Maryland.

In regard to element (3), this court finds that it would be unreasonable to exercise jurisdiction over this foreign Defendant. In *Copiers Typewriters Calculators Inc. v. Toshiba Corp.*, the District Court of Maryland adopted a seven-factor list enumerated by the Ninth Circuit in determining the question of reasonableness. *Copiers*, 576 F.Supp. at 319. The factors are as follows:

> (A) the extent of the purposeful interjection into the forum state, ... (B) the burden on the defendant of defending in the forum, ... (C) the extent of conflict with the sovereignty of defendant's state, ... (D) the forum state's interest in adjudicating the dispute, ... (E) the most efficient judicial resolution of the controversy, ... (F) the importance of the forum to plaintiff's interest in convenient and effective relief, ... and (G) the existence of an alternative forum.

*Id.* at 319 (quoting *Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1270 (9th Cir.1981)). In the present case, the balancing of these factors indicate that this court's exercise of jurisdiction over Defendant would be unreasonable. The extent of the purposeful interjection into the forum state is slight because first, Defendant did not purposely avail itself of the benefits and protections of Maryland law; the purchase orders specify that Canadian law is applicable. Second, Defendant had few other contacts with Maryland. Defendant does not now nor has it ever operated a business in Maryland; Defendant's sole place of business is in Ontario, Canada. Affidavit of T. Brookes at 1. Defendant did not negotiate a written contract in Maryland and at no time did it send representatives to Maryland; all purchase orders were made either through the mail or by telephone. *Id.* Furthermore, Defendant's sales to an unrelated buyer amounted to less than one tenth of one percent of Defendant's total sales. Defendant's slight interaction with the Maryland Plaintiff coupled with the minuscule and unrelated sales transactions persuade this court to find that the extent of Defendant's purposeful interjection in Maryland is slight.

In regard to factor (B), the burden is on the Canadian Defendant in litigating a suit in Maryland would be unreasonable because of the overall distance in travel and the Defendant's lack of business which might otherwise bring it to Maryland. *See Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271–1272 (9th Cir.1981). While travel and inconvenience burdens are symmetrical, the law of personal jurisdiction is asymmetrical. *Id.* at 1272. The major concern is for the burden of the defendant. *Id.* While the plaintiff may choose to sue elsewhere or not to sue at all if the burden of litigation

is too great, the defendant has no such choice. *Id.*

Under factor (C), the extent of conflict with the sovereignty of Defendant's state could be great because a federal court's interpretation of Canadian law may produce incongruous holdings with those in the Canadian courts. Furthermore, this forum's interest in adjudicating pursuant to Canadian law would appear to be minimal especially since there is another forum available to hear the dispute. Because the purchase orders maintained Canadian law would govern contract disputes, Plaintiff can bring this contract suit in the Canadian courts. These and the remaining factors persuade this court to find that the exercise of jurisdiction over Defendant would be unreasonable. Consequently, this court finds that the Maryland Long–Arm Statute and due process requirements have not been satisfied thereby prohibiting the exercise of personal jurisdiction over Defendant in Maryland.

This court rejects Plaintiff's argument that when dealing with the issue of federal due process and actions resting on federal question subject matter jurisdiction, the appropriate focus is on the Debtor's contacts with the *United States*. Because of an additional flaw in Plaintiff's argument, this court need not address questions it has pertaining to whether a simple breach of contract claim—which may or may not be a core matter—can be classified as establishing federal question jurisdiction based on 28 U.S.C. § 1334(b). The additional flaw lies in Plaintiff's conclusion that when there is a federal question, courts must look at the defendant's contacts with the United States instead of with the forum state.

■ The cases that Plaintiff cites which hold that there is no need to look at minimum contacts with the forum state are inapplicable here because they involved defendant residents of the United States—not foreigners. The significance of having nonforeigner defendants is that the B.R. 7004(e) requirement to look to state law for authority to serve a foreigner is no longer applicable. Instead the controlling section for service of United States defendants is B.R. 7004(d) which authorizes nationwide service of process. Although cases interpreting B.R. 7004(d) explain that federal statutes granting nationwide service of process establish personal jurisdiction and that there is no need to focus on the state long-arm statute, they are inapplicable upon the facts of this case. *In re Self,* 51 B.R. 683, 685 (Bankr.N.D.Miss.1985); *B.W. Development Co., Inc.,* 49 B.R. 129, 131–132 (Bankr.W.D.Ky.1985). Furthermore, even if the federal statute does not authorize nationwide service of process and it is a federal question case, then pursuant to the state's long-arm statute courts focus on minimum contacts with the forum state—not minimum contacts with the United States. *Omni,* 484 U.S. 97, 107–108, 108 S.Ct. 404, 411–412, 98 L.Ed.2d 415 (1987); *Volk Corp. v. Art–Pak Clip Art Serv.,* 432 F.Supp. 1179, 1181 (D.N.Y.1977). Consequently, Plaintiff's focus on contacts with the United States is misplaced; this court concludes that in the absence of a federal statute providing otherwise, service of process upon a foreigner requires an analysis of the defendant's minimum contacts with the forum state pursuant to the state's long-arm statute and whether the statute is in accordance with constitutional due process requirements.

■ Defendant's claim regarding lack of venue is without merit. Debtor improperly concluded that because there is no personal jurisdiction, there is no venue in Maryland. Although practically speaking lack of personal jurisdiction moots issues of venue, it does not do so automatically by operation of law. The applicable bankruptcy venue section is 28 U.S.C. § 1409(d) which provides:

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue pro-

visions, an action on such claim may have been brought.

28 U.S.C. § 1409(d) (1984). The "applicable nonbankruptcy" provision is found under 28 U.S.C. § 1391(d) which provides that an alien may be sued in any district. *See Universal Security Instruments, Inc. v. Wing Wah Chong Investment Co., Ltd.,* 732 F.Supp. 41, 42 (D.Md.1990). Consequently, venue is proper in any district.

In conclusion, it is this court's finding that the requisite requirements pursuant to the Maryland long-arm statute and due process clause are not satisfied. This court is thereby precluded from exercising personal jurisdiction over Defendant and will grant Defendant's motion to dismiss for lack of personal jurisdiction and dismiss the underlying adversary complaint.