**In re ALL AMERICAN OF ASHBURN, INC., Debtor.**

**Paul W. BONAPFEL, Chapter 7 Trustee for All American of Ashburn, Inc., Plaintiff,**

**v.**

**CASCADE IMPERIAL MILLS, LTD., Defendant.**

**Bankruptcy No. 83–03719A. Adv. No. 86–0126A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Oct. 7, 1987.

John C. Ringhausen, Palmer, Lamberth, Bonapfel & Cifelli, P.A., Atlanta, Ga., for plaintiff.

Richard B. Herzog, Jr., Bisbee, Parker & Rickertsen, Atlanta, Ga., for defendant.

**ORDER**

W.H. DRAKE, Jr., Bankruptcy Judge.

This adversary proceeding is before the Court on two motions filed by the defendant, Cascade Imperial Mills, Ltd. ("CIM"), which motions seek orders quashing summons and dismissing the action for failure of service, improper venue, and lack of personal jurisdiction. While the plaintiff admits that there was no proper service of process until almost one year after the initial, defective service, the plaintiff as-

serts that the proceeding should not be dismissed because the defendant had actual notice of the complaint and has not been prejudiced by the delay in perfecting service. The background facts of this case are as follows.

On February 19, 1986, the plaintiff, as Chapter 7 Trustee for the above-referenced debtor, commenced this adversary proceeding by filing his complaint to recover an alleged preferential transfer to CIM in the amount of $18,184.00. CIM is a Canadian corporation with its principal place of business in Burnaby, British Columbia. CIM asserts that its only contact with the debtor involved one business transaction in which the debtor ordered goods from CIM and later made the payment alleged to be preferential.

On February 25, 1986, plaintiff served CIM with a summons and copy of the complaint by first class United States mail, postage prepaid, to two different addresses for CIM. Pursuant to Bankruptcy Rule 7012 which requires the Court to prescribe the time for the service of an answer when service of a complaint is made upon a party in a foreign country, plaintiff filed a request for the Court to set an answer date on April 24, 1986. On May 1, 1986, the Court entered an Order allowing the defendant sixty (60) days from the date of a re-issued summons within which to serve an answer or motion. On November 26, 1986, plaintiff mailed the re-issued summons and notice of pre-trial conference to the addresses for the defendant.

On January 26, 1987, CIM filed its "Motion for Order Quashing Summons and Dismissing Action for Improper Venue and Lack of Jurisdiction." In response, plaintiff acknowledged that the previous attempts at service were defective because of failure to serve the summons by personal delivery to an officer or managing agent of the defendant, or other agent authorized by law to receive process. However, plaintiff asserts that service upon such an officer was perfected by personal delivery in Canada on February 17, 1987.

Following this service, the defendant, on April 13, 1987, filed its "Motion for Order Quashing Summons and Dismissing Action for Failure of Service of Process." CIM asserts that it cannot be properly served in this action and that the complaint should be dismissed because of the plaintiff's failure to prosecute.

The parties are in agreement that the plaintiff's attempts to serve the summons and complaint by mail were defective, because Bankruptcy Rule 7004(b) only authorizes service by mail *within the United States*. As to service in a foreign country, the applicable provision is Bankruptcy Rule 7004(e), which provides in pertinent part:

(e) SERVICE ON DEBTOR AND OTHERS IN FOREIGN COUNTRY. The summons and complaint and all other process except a subpoena may be served as provided in Rule 4(d)(1) and (d)(3) F.R.Civ.P. in a foreign country ... (B) on any party to an adversary proceeding to determine or protect rights in property in the custody of the court; or (C) on any person whenever such service is authorized by a federal or state law referred to in Rule 4(c)(2)(C)(i) or (e) F.R. Civ.P.

Bankr.R. 7004(e). If either subsection (B) or (C) of this rule is applicable to this proceeding, then Fed.R.Civ.P. 4(d)(3) would authorize service upon the defendant by delivery of the summons and complaint to an officer or managing agent of CIM in Canada, which service was accomplished by plaintiff on February 17, 1987.

Plaintiff argues that CIM is subject to service under Bankruptcy Rule 7004(e)(B) as a party to an adversary proceeding to determine rights in property in the custody of the court. Plaintiff asserts that all conditions of Rule 7004(e)(B) are met because his chose in action, that is, his right to recover a preference, is a form of intangible property in the custody of the court since it is held by the trustee as an officer of the court.

While this Court acknowledges that "property" is a broadly defined term in the bankruptcy context, the issue at bar is not strictly a bankruptcy issue. Rather, the questions involve the limits of personal jurisdiction and whether service of process

can be made on a foreign defendant in a foreign country in this proceeding to recover a preferential transfer of money. Given this context, the Court is of the opinion that the word "property" in Bankr.R. 7004(e)(B) was contemplated to mean some form of tangible property in the custody of the court which gives rise to jurisdiction *in rem* to determine even a foreign defendant's rights in such property. Therefore, Rule 7004(e)(B) does not authorize service of a preference complaint upon a defendant in a foreign country.

Subparagraph (C) of Rule 7004(e), the other provision available to plaintiff in this case, permits service in a foreign country whenever such service is authorized by applicable federal or state law. There appears to be no federal statute authorizing foreign service of a preference complaint, and jurisdiction over CIM could therefore be asserted only if service is permitted by Georgia's long-arm statute, O.C.G.A. § 9–10–91.

While this statute authorizes personal jurisdiction over a defendant transacting business within the state, CIM has shown by affidavit that its only contact with the debtor was the transaction in which CIM made one shipment of goods into Georgia on the debtor's order. This does not amount to "transacting business" in the state under the long-arm statute. *See Pennington v. Toyomenka, Inc.*, 512 F.2d 1291 (5th Cir.1975).

It thus appears that Rule 7004(e) does not authorize service upon CIM in Canada in this adversary proceeding. This holding does not mean that a legislative choice was made to permit foreign defendants to retain preferential transfers while domestic defendants must return them. Rather, the holding merely recognizes the territorial limits on service of process.[1] Since there has been no proper service upon CIM over the extended period of time since this proceeding was commenced, this proceeding should be dismissed.

1. Note that a foreign defendant might still be subject to being served anywhere within the United States under Bankruptcy Rule 7004(d) if,

Accordingly, it is ORDERED that the defendant's motions for orders quashing the summons and dismissing the complaint are GRANTED.

for example, the defendant has an agent somewhere within the United States upon whom process could be served.