UNITED STATES of America, Plaintiff,

v.

C. Robert IVEY, et al., Defendants.

No. 89–CV–71179–DT.

United States District Court,
E.D. Michigan, S.D.

May 3, 1990.

Opinion After Supplemental Briefing
Aug. 13, 1990.

Geneva S. Halliday, Asst. U.S. Atty., Detroit, Mich., Susan L. Schneider, U.S. Dept. of Justice, Land and Natural Resource Div., Washington, D.C., for plaintiff.

Jeffrey K. Haynes, Vanderkloot & Haynes, P.C., Bloomfield Hills, Mich., for C. Robert Ivey, Ineco, Ltd. and Metro Tank Service, Inc.

Stuart Gold, Southfield, Mich., for Liquid Disposal, Inc.

Neil M. Gingold, Pinsky & Skandalis, Syracuse, N.Y., for Frontier Chemical Waste Process, Inc.

Frank B. Vecchio, Butzel, Long, Gust, Klein & Vanzile, Detroit, Mich., for Lakeside Refining Co.

Susan Sadler, Clark, Klein & Beaumont, Detroit, Mich., for Chemical Recovery Systems.

John G. Gleeson, Harvey, Kruse, Westen & Milan, P.C., Detroit, Mich., for Holly Containers, Inc.

Laura Ahearn, Washington, D.C., for Hexel Corp.

Thomas P. Beagen, Detroit Edison Co., Detroit, Mich., for The Detroit Edison Co.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### INTRODUCTION

This matter is before the Court on defendants' motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Defendants C. Robert Ivey and Ineco, Ltd. assert that this Court lacks jurisdiction over them. They contend that jurisdiction over them, by terms of plaintiff's complaint, is based upon the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.*, and that CERCLA does not provide for service of process in foreign countries. Therefore, defendants argue since they were served in Canada, this Court lacks personal jurisdiction over them. Plaintiff asserts that this Court has personal jurisdiction over both defendants pursuant to both CERCLA and the Michigan "long-arm" statute. Plaintiff contends that both defendants have sufficient contacts within the State of Michigan to support this Court's jurisdiction.

### BACKGROUND

This action seeks to have persons alleged to be responsible for polluting the Liquid Disposal Inc. (LDI) property pay the costs of cleaning up this Michigan "Superfund" Site. The LDI Site (Site) is listed on the National Priorities List, 40 C.F.R. Part 300, Appendix B. Plaintiff filed this action under CERCLA to recover the costs it has incurred and will incur regarding this cleanup.

Plaintiff alleges that defendants Ivey and Ineco are each liable under CERCLA as the owner or operator of the Site. 42 U.S.C. § 9607. As alleged in plaintiff's complaint, the activities of defendants Ivey and Ineco regarding LDI are interrelated and also involve the activities of defendant Maziv Industries, Ltd.

LDI is a Michigan corporation that conducted its principle business operations at the Site, located at 3901 Hamlin Road, Shelby Township, Macomb County, Michigan. LDI owned the Site from at least 1967 until 1984. Defendant Ivey was President and Director of LDI during the time that hazardous substances were disposed of at the Site. In his capacity as President and Director, Ivey had overall responsibility for the operation and management of the Site.

Defendant Ivey was also the President and Director of Maziv Industries, Ltd., a Canadian corporation, which was the majority shareholder of LDI. Maziv was involved in the operations of LDI through the activities of Defendant Ivey. LDI identified Maziv as its parent corporation. Maziv also held the mortgage to the Site. These activities occurred during the period of time that hazardous substances were disposed of at the Site.

In December of 1986, Ineco began operations at the same business address as Maziv. Two days after Ineco was brought into existence, Maziv assigned to Ineco its rights and interest in LDI, including its shares and the mortgage to the Site. Maziv ceased active operations shortly thereafter. Defendant Ivey is the President and Director of Ineco.

## OPINION

■ Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) provides in part, as follows:

Except as provided in subsections (a) and (h) of this section, the United States district courts shall have exclusive original jurisdiction over all controversies arising under this Act, without regard to the citizenship of the parties or the amount in controversy.

As paragraph 1 of plaintiff's complaint alleges, this action is brought pursuant to CERCLA, and not pursuant to any other statute or common law.

Section 113(e) of CERCLA provides for nationwide service of process:

In any action by the United States under this Act, process may be served in any district where the defendant is found, resides, transacts business, or has appointed an agent for the service of process.

42 U.S.C. § 9613(e). Defendants reason that Section 113(e) limits jurisdiction in CERCLA actions to defendants who are found within the territorial boundaries of the United States. Defendants admit they were personally served in Canada, where they are located or reside, but argue that Section 113(e) renders this service meaningless and denies this Court jurisdiction over them.

■ Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subjective matter of the suit asserts jurisdiction over the person of the party to be served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946).

Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There must also be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capital International v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987).

In this case, the question is whether there is authorization to serve summons. Service of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(f) describes where process "may be served." It

authorizes service in the state in which the action is brought, or anywhere else authorized by a federal statute or by the Rules.

The first sentence of the rule [Fed.R. Civ.P. 4(e)] speaks to the ability to serve summons on an out-of-state defendant when a federal statute authorizes such service. The second sentence, as an additional method, authorizes service of summons "under the circumstances" prescribed in a State statute or Rule. Thus, under Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, as a prerequisite to its exercise of personal jurisdiction. (Footnotes omitted).

*Omni Capital International,* 108 S.Ct. at 410.

By its terms, Section 113(e) does not provide for service of process in a foreign country. It allows service only within the United States. Therefore, plaintiff's argument that Section 113(e) of CERCLA authorizes service of summons on an alien defendant is without merit. However, since CERCLA does not authorize service of summons on Ivey and Ineco, it is appropriate to look to the second sentence of Rule 4(e), which points to the long-arm statute of the State in which this Court sits, Michigan.

■ The Michigan "long-arm" statute sets forth the circumstances under which non-resident individuals, M.C.L.A. § 600.705, and corporations, M.C.L.A. § 600.715, may be subject to the limited personal jurisdiction of its courts.[1] Since the Michigan courts have construed the long-arm statute to extend to the outer limits of due process, *Sifers v. Horen,* 385 Mich. 195, 188 N.W.2d 623 (1971), a Michigan personal jurisdiction analysis becomes an analysis of federal constitutional limitations.

Because it is not clear to the Court the extent of defendants' contacts with Michigan, the parties shall submit supplements

to their briefs, not to exceed 10 pages. Plaintiff's brief shall be filed by May 9, 1990. Defendants' response shall be filed by May 16, 1990.

IT IS SO ORDERED.

## OPINION AFTER SUPPLEMENTAL BRIEFING

This matter is before the Court on defendants' motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Defendants C. Robert Ivey and Ineco, Ltd., assert that this Court lacks personal jurisdiction over them. Previously, on May 3, 1990, this Court held that jurisdiction over these defendants by virtue of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.,* is not permitted. Specifically, the Court found that CERCLA did not allow for service of process over alien defendants in a foreign country. Therefore, the Court turned to the Michigan long-arm statute. At that time, it was not clear to the Court the extent of defendants' contacts with Michigan. Accordingly, the Court ordered that defendants and plaintiff submit supplemental briefs describing defendants' contacts with Michigan.

■ The Michigan "Long-arm" statute, which provides limited personal jurisdiction over an individual, M.C.L.A. § 600.705, provides in relevant part:

The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

\* \* \* \* \* \*

· (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having

---

**1.** A "Long-arm" statute may be used in a federal question action. *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 376, n. 2

(1968); *United States v. First National City Bank,* 379 U.S. 378, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965); Rule 4(e) and (f), Fed.R.Civ.P.

its principal place of business within this state.

From the evidence submitted, it is clear that jurisdiction as to defendant Ivey is proper. Ivey was both president and a director of defendant Liquid Disposal, Inc. (LDI) from April 18, 1974—June 27, 1989; LDI was incorporated under the laws of Michigan; and LDI had its principal place of business in Michigan. LDI's business involved the disposal of combustionable liquid organic wastes, primarily by incineration, at a site located on Hamlin Road in Shelby Township, Michigan. LDI owned the site from at least 1967 to 1984. Its many customers were business or other entities, most of which were located in Michigan, whose waste materials were transported to the facility for disposal. Clearly, jurisdiction over Ivey is proper under the Michigan "Long-arm" statute.

 Even though defendant Ivey's contacts fit within the framework of the Michigan "Long-arm" statute, it is necessary to determine whether exercise of jurisdiction over him passes constitutional muster. As indicated by the Sixth Circuit in *Lanier v. American Board of Endodontics*, 843 F.2d 901 (6th Cir.1988), although the statute may, by its terms, give jurisdiction to the court, it must also pass constitutional muster as applied to the particular case. *Id.* at 909. The court continued:

> Under the federal constitution, long-arm jurisdiction may only be asserted if (1) defendants purposely avail themselves of the privilege of conducting activities in Michigan; and (2) the acts of the defendants or consequences caused by the defendants must have had a substantial enough connection with the form to make the exercise of jurisdiction over the defendants reasonable. Citing *Southern Machine Company v. Mohasco Industries, Inc.* 401 F.2d 374, 381 (6th Cir. 1968). *See also, Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85, L.Ed.2d 528 (1985); *R.L. Lipton Distributing v. Dribeck Importers, Inc.,* 811 F.2d 967 (6th Cir.1987).

*Id.*

In *Burger King*, the court extensively addressed the constitutional requirements for jurisdiction. The court explained that the due process clause protects an individual's liberty interests by requiring that a court exercise jurisdiction only over defendants with "contacts, ties or relations" with the forum state sufficient to provide them with fair warning their activities may subject them to suit there. *Burger King*, 471 U.S. at 471–72, 105 S.Ct. at 2182.

> This "fair warning" requirement has been met when a defendant has 'purposely directed' his activities at residence of the forum ... and the litigation results from the alleged injuries that 'arise out of or relate to' those activities.

*Id.* at 472, 105 S.Ct. at 2182.

"By requiring these minimum contacts, the constitution provides defendants with the opportunity to foresee the possibility of being hailed into court so they can structure their activities accordingly." *Lanier*, 843 F.2d at 910.

There is no question that defendant Ivey purposely availed himself of the privilege of conducting activities in Michigan. He oversaw the management of LDI, negotiated sources of finance, assessed the viability of the operation of LDI and approved in detail capital expenditures. Furthermore, he visited on numerous occasions various government offices in Michigan regarding air and water pollution at LDI. The acts of defendant LDI and the consequences have a substantial connection with Michigan so that the exercise of jurisdiction over Ivey is reasonable.

 The Michigan long-arm statute that deals with corporations, M.C.L.A. § 600.715, states:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) the transaction of business within the state

(3) the ownership, used for possession of real or tangible personal property situated within the state for contracting to insure any person, property or risk located within this state at the time of contracting.

In this case, Ineco owns the majority share of LDI and owns an interest in the Michigan mortgage to the LDI site. Maziv Industries, which was LDI's parent corporation and 80% shareholder also held a mortgage to the site, which was transferred to Ineco. It is the opinion of this Court that Ineco has sufficient contacts with the state of Michigan to support the jurisdiction of this Court and that the exercise of jurisdiction is constitutional.

Therefore, it is the opinion of this Court that defendants have sufficient minimum contacts with the state of Michigan in order to confer jurisdiction upon this Court. Accordingly, defendants' motion to dismiss for lack of jurisdiction pursuant to Fed.R. Civ.P. 12(b)(2) is hereby DENIED.