**In re OLD ELECTRIC INCORPORATED, fka Prestolite Electric Incorporated, et al., Debtors.**

**OLD ELECTRIC INCORPORATED, fka Prestolite Electric Incorporated, et al., Plaintiffs,**

**v.**

**RCP INC., Defendant.**

**Bankruptcy Nos. 90–00630 to 90–00632.
Adv. No. 92–1088.**

United States Bankruptcy Court,
N.D. Ohio.

July 15, 1992.

Shawn M. Riley, Elizabeth A. Shaver, Dennis M. Myers, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for debtors-plaintiffs.

David J. Naftzinger, Dean D. Gamin, Jennifer R. Hilkert, Thompson, Hine and Flory, Cleveland, Ohio, for defendant.

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS COMPLAINT

DAVID F. SNOW, Bankruptcy Judge.

Debtor filed this adversary proceeding to recover from RCP Inc., an Ontario corporation ("RCP"), prepetition transfers amounting to $182,858.50, which it alleges were preferential and, therefore, avoidable under sections 547 and 550 of the Bankruptcy Code. On April 13, 1992, RCP filed a motion to dismiss Debtor's complaint on several grounds including its assertion that this Court lacks personal jurisdiction over RCP under Rule 12(b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"). The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

■ So far as appears from the pleadings, the facts relating to this Court's personal jurisdiction over RCP are not ·in dispute. The Debtor, formerly known as Prestolite Electric Incorporated, was headquartered in Ohio but had plants or offices in a number of other locations, among which were Wagoner, Oklahoma and Bay City, Michigan. RCP was a supplier of the Debtor's Wagoner and Bay City plants. However, it does not appear that RCP, which is headquartered in Ontario, sold goods to the Debtors in Ohio or otherwise transacted any business with the Debtor in Ohio. So far as appears from the pleadings, RCP had no contact whatsoever with the State of Ohio. According to its pleadings, Debtor is endeavoring to perfect service on RCP in Canada.

■ The parties agree that the Court's jurisdiction over RCP depends upon the application of section 7004(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") which provides:

(e) *Service on Debtor and Others in Foreign Country.* The summons and complaint and all other process except a subpoena may be served as provided in Rule 4(d)(1) and (d)(3) F.R.Civ.P. in a foreign country (A) on the debtor, any person required to perform the duties of a debtor, any general partner of a partnership debtor, or any attorney who is a party to a transaction subject to examination under Rule 2017; or (B) on any party to an adversary proceeding to determine or protect rights in property in the custody of the court; or (C) on any person whenever such service is authorized by a federal or state law referred to in Rule 4(c)(2)(C)(i) or (e) F.R.Civ.P.

Subsection (A) of Rule 7004(e) is clearly inapplicable. The Debtor does not assert that its preference claim constitutes "property in the custody of the Court" for purposes of subsection (B), nor would the ordinary meaning of the quoted language support such an assertion. *Bonapfel v. Cascade Imperial Mills, Ltd. (In re All American of Ashburn, Inc.),* 78 B.R. 355 (Bankr.

N.D.Ga.1987). Debtor bases its contention that the Court has personal jurisdiction over RCP on subsection (C) and specifically on Bankruptcy Rule 7004(d), which it argues is brought into play by Federal Rule 4(e).

Rule 4(e) authorizes service of summons "[w]henever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held." Rule 4(e) goes on to authorize service of summons where service could be obtained under the law of the state where the district court is located. Debtor does not argue, however, that RCP could be served under Ohio's long-arm statute or other Ohio law.

According to Debtor, Bankruptcy Rule 7004(d) constitutes the requisite statute of the United States so as to permit service of summons on RCP in Canada. Rule 7004(d) provides that "[t]he summons and complaint and all other process except a subpoena may be served anywhere in the United States." Although Bankruptcy Rule 7004(d) authorizes service only within the United States and not in Canada or other foreign country, it does provide for service of process "upon a party not an inhabitant of or found within the state in which the district court is held" as required by Federal Rule 4(e). Federal Rule 4(i) provides, in relevant part, that "[w]hen the federal or state law referred to in subdivision (e) of this rule authorizes service upon a party not an inhabitant of or found within the state in which the district court is held, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made [in the manner specified in the following subsections]." Therefore, if Bankruptcy Rule 7004(d) qualifies as a "statute" under Federal Rule 4(e), it appears that this Court would have personal jurisdiction over RCP, although it seems distinctly odd to so transmute a rule authorizing nationwide service of process into a rule authorizing worldwide service. Had that been the aim, it

would have been far simpler and clearer to have said so in Rule 4(d).

There is very little authority on point, none of which provides much analysis. The only circuit case on point, *Nordberg v. Granfinanciera S.A. (In re Chase & Sanborn Corp.)*, 835 F.2d 1341 (11th Cir.1988), *rev'd on other grounds sub. nom., Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), supports Debtor's position. That case involved the debtor's attempt to recover a fraudulent conveyance in a Florida bankruptcy court. The foreign defendant argued that the court lacked personal jurisdiction over it because it could not be reached under the Florida long-arm statute. The court disposed of this argument in the following two sentences:

> This premise ignores the first sentence of Rule 4(e) which states that where a federal statute provides for service of process the court should use that statute. Federal Bankruptcy Rule 7004(d) provides for nationwide service of process and thus is the statutory basis for personal jurisdiction in this case, not Florida's long-arm statute.

835 F.2d at 1344. Collier also suggests that this is the right result:

> As its caption suggests, Rule 4(i) provides optional alternative procedures to effect personal service in the special circumstances that arise when a party must be served in a foreign country. Rule 4(i) may by its terms be invoked only when federal or state law referred to in Rule 4(e) authorizes service on the party. Bankruptcy Rule 7004 itself would seem to constitute law sufficient to invoke Rule 4(e) and thus to trigger the availability of Rule 4(i).

9 Collier on Bankruptcy ¶ 7004.03[9], at 7004–27 (15th Ed.1992). *In re All American of Ashburn, Inc., supra*, holds to the contrary. District courts in New York and Michigan have reached opposite conclusions as to whether statutes providing for nationwide service of process permit service in a foreign country. In *United States v. International Bhd. of Teamsters*, 708 F.Supp. 1388 (S.D.N.Y.1989), the court

held in a RICO action that it did. In *United States v. Ivey*, 747 F.Supp. 1235 (E.D.Mich.1990), the court held in a CERCLA case that it did not.

Everything else being equal the Court would be inclined to look to the circuit court and Collier for guidance in a technical matter of this sort, especially where, as in this case, it would work no hardship on the defendant and would tend to promote the efficient prosecution of the case. Unfortunately, however, I cannot square this result with the language of the Rules.

The Supreme Court has in recent years repeatedly held that statutory language should be interpreted as written, *United States v. Ron Pair Enter. Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), and that the courts should not look beyond clear meaning to effect the presumed intent of the draftsmen. *United States v. Nordic Village, Inc.*, — U.S. —, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Union Bank v. Wolas*, — U.S. —, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991). In this case there is no risk of this Court being diverted by the draftsmen's intent. The parties have cited no Advisory Committee notes or other history that bears on this issue and the Court is aware of none.

The word "statute" is not defined in the Federal Rules or Bankruptcy Rules. In careful legal usage one would expect "statute" to be reserved for legislative acts and the word "rule" to describe the procedural rules prescribed by the Supreme Court. *See* 28 U.S.C. § 2075. That expectation appears borne out by the language of Federal Rule 4. Federal Rule 4(i) refers to federal or state "law", apparently to encompass both the statutes and orders mentioned in Rule 4(d). Federal Rule 4(f) provides for service "when authorized by a statute of the United States or by these rules." This indicates that the draftsmen were careful, that they distinguished statutes from rules, and that they used "law" not "statute" as a generic referent.

This persuaded the court in *In re All American of Ashburn, supra*, to deny personal jurisdiction over a foreign defendant on facts similar to those in this case. How-

ever, it apparently did not persuade the Eleventh Circuit or Collier and considered only from a definitional perspective it is not compelling. "Statute" could be held to include "rule" without a too serious affront to ordinary legal meaning if from the text this interpretation appeared preferable. Moreover, one could as a technical matter argue that the Bankruptcy Rules constitute orders of the Supreme Court under the Bankruptcy Code. See 28 U.S.C. § 2075. This too is strained, but not so outrageous as to preclude adoption if it otherwise makes sense. But in this situation it would seriously distort the text of Bankruptcy Rule 7004(e) to hold that Bankruptcy Rule 7004(d) is either a statute or an order.

Subsections (A) and (B) of Bankruptcy Rule 7004(e) are carefully drafted to provide service on foreign persons under two limited circumstances central to case administration—first, service on the debtor and certain of its affiliates and second, service on parties to adversary proceedings involving property in the custody of the bankruptcy court. If, however, we interpret the words "statute" or "order" in Rule 4(e) to include Bankruptcy Rule 7004(d), subsections (A) and (B) become superfluous; subsection (C) would permit service of summons under the Bankruptcy Code on foreign persons under all circumstances (subject only to Fifth Amendment due process considerations). *See Granfinanciera, supra,* at 1344–46. It would be particularly incongruous to accept an interpretation of Rule 7004(e)(C) which vitiates the rest of the Rule where the basis for this result stems from the immediately preceding sentence of Rule 7004(d). This incongruity can be avoided simply by giving the words "statute" and "order" in Rule 4(e) their ordinary meanings.

Moreover, this more ordinary interpretation of these words does not clearly frustrate the broader objectives of the Bankruptcy Code or Rules. It might from the standpoint of case administration be preferable for this Court to assert personal jurisdiction over RCP. Under RCP's description of its activities in Oklahoma and Michigan it appears likely that it could have been served under Rule 7004(e) pursuant to the Oklahoma and Michigan long-arm statutes. It does not appear materially less fair to RCP to subject it to jurisdiction in Ohio rather than in those states. But the more limited grant of personal jurisdiction in Bankruptcy Rule 7004(e) may reflect a reasonable concern that foreign states and their residents should be accorded greater deference than would be afforded by a rule permitting universal service of summons subject only to due process limitations. In any event, there is nothing to suggest that the draftsmen's choice was either irrational or that it has proved a serious impediment to bankruptcy administration.