In re CROWN HOTELS (WASHINGTON) CORP., Debtor.

Bryan ROSS, Trustee, Plaintiff,

v.

RAINBOW TRAVEL AGENCY, Defendant.

Bankruptcy No. 94–662.
Adv. No. 95–34.

United States Bankruptcy Court,
District of Columbia.

Oct. 18, 1995.

Jeffrey M. Sherman, for plaintiff.

## DECISION AND ORDER ON MOTION TO DETERMINE SUFFICIENCY OF SERVICE

S. MARTIN TEEL, Jr., Bankruptcy Judge.

This matter comes before the court upon the motion to determine sufficiency of service of process filed by Bryan Ross ("trustee"), trustee of the chapter 7 estate of the debtor, Crown Hotel (Washington) Corporation. The defendant in this matter, Rainbow Travel Agency, is a foreign entity located in Jeddah, Saudi Arabia. For the reasons explained below, the court finds the service insufficient.

The trustee has attempted to serve the defendant three times in this case. First, on May 9, 1995, the trustee sent the complaint, without a summons, by regular and registered mail to the defendant in Saudi Arabia. On May 29, 1995, the defendant responded to the trustee's first service, acknowledging its receipt.[1] Then on June 20, 1995, at the trustee's direction, the clerk's office mailed a reissued summons to the defendant, giving

the defendant 30 days from the issuance of the summons to respond to the complaint and notifying the defendant of a scheduling conference to be held on the matter on August 22, 1995.[2] Then again on August 23, 1995, the clerk mailed a second reissued summons to the defendant, again giving the defendant 30 days from the issuance of the summons to respond to the complaint and notifying the defendant of a scheduling conference on September 13, 1995. There is no indication that the either of the two summonses were accompanied by a complaint nor that they were sent to the defendant by anything other than regular mail. The defendant has filed no responsive pleadings in this matter. The trustee now seeks a determination that the May 9, 1995, service of the complaint without an accompanying summons was sufficient service by reason of the defendant's responsive letter of May 29, 1995.

A proceeding to recover property under §§ 549 and 550 is an adversary proceeding governed by the rules of Part VII of the Federal Rules of Bankruptcy Procedure. *See* F.R.Bankr.P. 7001 *et seq.* Service of process in an adversary proceeding is covered under F.R.Bankr.P. 7004 which incorporates select provisions of F.R.Civ.P. 4. The Supreme Court has held that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied. . . . [T]here must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant." *Omni Capital Intern. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). There being no consent from the defendant in this case, the trustee must establish some

---

1. The court accepts for purposes of this motion the trustee's proffer as to the contents of the defendant's letter. Although listed as an exhibit to the trustee's motion, a copy of the letter was nowhere to be found in the court's file.

2. Having not been alerted by the parties, the court did not "prescribe the time for service of the answer," as required by F.R.Bankr.P. 7012, "when service of a complaint is made . . . upon a party in a foreign country."

authorization for proper service of summons on the defendant.

 Proper service to a defendant in an adversary proceeding requires the issuance of a complaint and summons served together, as provided under F.R.Civ.P. 4(a) and (d), made applicable by F.R.Bankr.P. 7004(a). At the outset, the court rejects the trustee's argument that his service of the complaint without the summons was somehow sufficient in this case because the defendant sent correspondence to the trustee in response. Rule 4(d) is clear that the summons and complaint must be served together and the court will strictly hold the trustee to these requirements. *See In re American Export Group Intern. Servs., Inc.,* 167 B.R. 311, 316 (Bankr.D.D.C.1994); 9 Lawrence P. King, Collier on Bankruptcy para. 7004.03[a] (15th ed. 1995). The court also concludes that the trustee's efforts to serve the foreign defendant by regular mail, rather than by personal service, were ineffective under F.R.Bankr.P. 7004(b) because that provision only authorizes service by mail "within the United States." *See In re All American of Ashburn, Inc.,* 78 B.R. 355, 356 (Bankr.N.D.Ga. 1987). Having rejected the trustee's arguments as to why his service of the complaint by regular mail to the defendant on May 9, 1995, was sufficient, the court nonetheless chooses to review the procedure for service on a foreign entity in order to determine whether the trustee's service was proper on some other basis.

The proper method of service on a business defendant in a foreign country is specifically addressed in F.R.Bankr.P. 7004(e). Rule 7004(e) provides in relevant part:

> **SERVICE ON DEBTOR AND OTHERS IN FOREIGN COUNTRY.** The summons and complaint and all other process except a subpoena may be served as provided in Rule 4(d)(1) and (d)(3) F.R.Civ.P. in a foreign country ... (B) on any party to an adversary proceeding to determine or protect rights in property in the custody of the court; or (C) on any person whenever such service is authorized by a federal or state law referred to in Rule 4(c)(2)(C)(i) or (e) F.R.Civ.P.

Accordingly, if either subsection (B) or (C) [3] of Rule 7004(e) is applicable then the trustee could effect service on the defendant under F.R.Civ.P. 4(d)(3) "by delivering a copy of the summons and of the complaint to an officer [or] a managing or general agent ... authorized ... to receive service of process...."

 It has been held that subsection (B) is only applicable to "tangible property in the custody of the court which gives rise to jurisdiction *in rem* to determine even a foreign defendant's rights in such property. Therefore Rule 7004(e)(B) does not authorize service of a preference complaint upon a defendant in a foreign country." *In re All American,* 78 B.R. at 357; *accord In re Old Elec., Inc.,* 142 B.R. 189 (Bankr.N.D.Ohio 1992); *In re Ace Pecan Co., Inc.,* 143 B.R. 696, 698 (Bankr.N.D.Ill.1992). In so concluding, the court in *In re All American* rejected the trustee's argument that the requirements under Rule 7004(e)(B) were met because his right to recover a preference is a form of intangible property held in his custody as an officer of the court. The court reasoned that although "property" is given a broad definition in the bankruptcy context, the issue of sufficiency of service of process deals with the broader issue of the limits of personal jurisdiction. In this context the court concluded and this court agrees that "property" was intended to be given a more narrow meaning. This court can see no relevant distinction for purposes of service between the 11 U.S.C. § 547 preference action in *In re All American* and the 11 U.S.C. § 549 avoidance action in this case. Both seek to recover the transfer under 11 U.S.C. § 550. Accordingly, this court concurs with the conclusion of the court in *In re All American* and its progeny that service of process of this complaint would not be appropriate under Rule 7004(e)(B).

This leaves only the possibility of subsection (C) of Rule 7004(e), which permits service on a defendant in a foreign country whenever such service is authorized by federal or state law referred to in F.R.Civ.P.

---

**3.** Subsection (A) refers to service on the debtor and thus is clearly inapplicable here.

4(c)(2)(C)(i) or (e). Rule 4(c)(2)(C)(i) requires the federal court to look to the long-arm statute of the state. Rule 4(e) requires the federal court to look "either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service...." *Omni Capital Intern. v. Rudolf Wolff & Co.*, 484 U.S. at 105, 108 S.Ct. at 409.

■ There is no federal statute providing the court with personal jurisdiction for service of complaints in adversary proceedings on defendants in foreign countries. *See In re New York Trap Rock Corp.*, 155 B.R. 871, 887 (Bankr.S.D.N.Y.1993), *aff'd in part and rev'd in part*, 42 F.3d 747 (2d Cir.1994); *In re Old Elec.*, 142 B.R. at 190–92; *In re All American*, 78 B.R. at 357; *In re Ace Pecan*, 143 B.R. at 699; *In re R.M.R. Corp.*, 133 B.R. 759, 761 (Bankr.D.Md.1991). The only possible contrary argument is that Rule 7004(d),[4] which provides for nationwide service of process in the United States, provides such statutory authority. *See In re Chase & Sanborn Corp.*, 835 F.2d 1341 (11th Cir. 1988), *reversed on other grounds sub nom., Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). However, this argument has been specifically rejected by the majority of courts that have addressed the issue subsequent to the decision in *Chase & Sanborn*. *See In re New York Trap Rock Corp.*, 155 B.R. at 887; *In re Old Elec.*, 142 B.R. at 191; *In re Ace Pecan*, 143 B.R. at 699 ("It is unclear why the court in *Chase & Sanborn* applied Fed. R.Bankr.P. 7004(d) when that rule is expressly limited to service within the United States and Rule 7004(e) specifically governs service outside this country"). Accordingly, the court is left to refer to the long-arm statute in the District of Columbia to determine whether the trustee has perfected service. *In re New York Trap Rock Corp.*, 155 B.R. at 887; *In re Ace Pecan*, 143 B.R. at 699; *In re All American*, 78 B.R. at 357; *In re R.M.R. Corp.*, 133 B.R. at 761.

The applicable long-arm statute in the District of Columbia is D.C.Code Ann. §§ 13–401 *et seq*. Specifically, § 13–424 provides that service may be made outside of the District of Columbia when the exercise of personal jurisdiction is authorized by the subchapter. There are two relevant provisions that provide for personal jurisdiction over a person: one is based on an "enduring relationship" with the District of Columbia, § 13–422, and the other is based on "conduct" in the District of Columbia, § 13–423. When authorized by the long-arm statute to serve a defendant outside the District of Columbia, under § 13–431(a)(3), service "reasonably calculated to give actual notice" may be made "by any form of mail addressed to the person to be served and requiring a signed receipt[.]" Alternatively, when authorized by the state long-arm statute, as referred to in F.R.Civ.P. 4(e), a defendant may also be served under the "Alternative Provisions for Service in a Foreign Country" provided under F.R.Civ.P. 4(i)(1)(D) which permits service "by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served," requirements similar to that of the District of Columbia.

■ The trustee, however, has not argued upon what basis the defendant could be served under the District of Columbia long-arm statute. *See In re American Export Group Intern. Servs., Inc.*, 167 B.R. at 315–16 (discussing D.C.Code Ann. § 13–423). Accordingly, the court declines to determine at this juncture whether the District of Columbia long-arm statute would be applicable to this case. In any event, the service provided in this case was by regular first class mail in violation of the requirement under both F.R.Civ.P. 4(i)(1)(D) and D.C.Code Ann. § 13–431(a)(3) to serve the defendant by mail requiring a signed receipt. Therefore, even under the court's extended analysis, the court concludes that the trustee's service of process on the defendant in this case was insufficient and his motion must be denied.

Accordingly, it is

---

4. Specifically, F.R.Bankr.P. 7004(d) provides:
 **NATIONWIDE SERVICE OF PROCESS.**
 The summons and complaint and all other process except a subpoena may be served anywhere in the United States.

ORDERED that the trustee's motion to hold the service sufficient is DENIED.